UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH PRECIADO,

   Plaintiff,            Hon. Paul L. Maloney

v.                   Case No. 1:18-cv-1119

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

   This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

   The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## BACKGROUND

Plaintiff was 50 years of age on her alleged disability onset date. (PageID.367). She successfully completed high school and worked previously as a line attendant, packing machine operator, bakery line attendant, production machine operator, quality assurance technician, tile classifier, ticket seller, and supervisor of cashiers. (PageID.41, 108-09). Plaintiff applied for benefits on September 2, 2014, alleging that she had been disabled since August 5, 2012, due to: (1) degenerative disc disease; (2) spinal stenosis; (3) torn ligaments; (4) chronic pain; (5) left torn rotator cuff; (6) rheumatoid arthritis; (7) fibromyalgia; (8) fatigue; (9) lupus; (10) weakness; (11) spasms; (12) type 2 diabetes; (13) hyperlipidemia; (14) GERD/reflux disease; (15) irritable bowel syndrome; (16) diverticulitis; (17) stroke/CVA; (18) memory loss; (19) blood clots; and (20) asthma. (PageID.90, 367-88, 417). Plaintiff later amended her disability onset date to March 12, 2017. (PageID.414).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.243-365). Following an administrative hearing, ALJ David Kurtz, in an opinion dated March 12, 2018, determined that Plaintiff was not disabled. (PageID.90-111, 189-216). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.30-35). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease; (2) carpal tunnel syndrome; (3) cubital tunnel syndrome; (4) degenerative joint disease of the hips, knees, and ankles; (5) fibromyalgia; (6) obesity; (7) diabetes mellitus; (8) peripheral neuropathy; (9) chronic obstructive pulmonary disease; and (10) irritable bowel syndrome, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.93-98).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can frequently perform handling and fingering activities with her upper extremities; (2) she can frequently stoop, kneel, crouch, and crawl; (3) she can occasionally balance and climb ramps, stairs, ladders, ropes, and scaffolds; (4) she must avoid concentrated exposure to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and workplace hazards; (5) she requires a workstation that is in "close proximity" of a restroom, defined as within a 5-minute walk; (6) she is expected to be off-task for less than 10 percent of the workday due to her bathroom issues. (PageID.98).

Based on the testimony of a vocational expert, the ALJ determined that Plaintiff could perform her past relevant work as a bakery line attendant, ticket seller, packing machine operator, line attendant, and cashier supervisor. (PageID.108-09, 211-14). The ALJ further found, based upon a vocational expert's testimony, that there existed approximately 461,000 other

jobs in the national economy which Plaintiff could perform despite her impairments and limitations. (PageID.109-10, 213-14). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.     **The ALJ's Step II Findings are not Supported by Substantial Evidence**

Plaintiff argues that she is entitled to relief because the ALJ's conclusion that she does not suffer from a severe emotional impairment and, thus, does not experience any non-exertional work limitations, is not supported by substantial evidence. The Court agrees.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); *see also*, *Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)); *see also*, *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight

abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

Step two of the sequential disability process is considered a "de minimus hurdle" designed to subject to dismissal only those claims which are "totally groundless" from a medical standpoint. *Rogers*, 486 F.3d at 243 n.2; *Despins*, 257 Fed. Appx. at 929; *Higgs*, 880 F.2d at 860. As the Sixth Circuit has recognized, "this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 Fed. Appx. 326, 331 (6th Cir., Jan. 9, 2001) (quoting *Higgs*, 880 F.2d at 862).

While Plaintiff's physical ailments are perhaps more numerous and more limiting, such does not diminish the evidence that Plaintiff suffers from emotional impairments which can reasonably be expected to significantly limit her ability to perform basic work activities. Plaintiff was consistently diagnosed with anxiety and depression for which medication provided only limited relief. (PageID.554, 558, 562, 567, 578, 586, 589, 602, 786). A psychiatric consultive examination revealed that Plaintiff experiences "significant mental health problems" and satisfies the criteria for post-traumatic stress disorder and major depressive disorder. (PageID.760-63).

The ALJ's rationale for finding that Plaintiff experiences no severe emotional impairment is unpersuasive. The ALJ cites to a December 5, 2016 notation by one of Plaintiff's care providers that Plaintiff's "major depression" was "in remission." (PageID.969). It does not necessarily follow, however, that remission of major depression is synonymous with it constituting a non-severe impairment. *See, e.g., Beard v. Commissioner of Social Security*, 2000 WL 1477505

at *1 (6th Cir., Sept. 26, 2000) (noting that ALJ found claimant's bi-polar disorder a severe impairment despite it being "in remission"); *Whitaker v. Commissioner of Social Security*, 2016 WL 1042323 at *2 (W.D. Mich., Mar. 16, 2016) (noting that ALJ found claimant's affective disorder a severe impairment despite it being in "sustained remission"). Moreover, this treatment note is completely silent with respect to Plaintiff's anxiety.

Furthermore, the ALJ's reliance on Plaintiff's reported activities in support of his conclusion that Plaintiff's emotional impairments are not severe is likewise unpersuasive. Specifically, the ALJ noted that Plaintiff engages in the following activities: driving, grocery shopping, preparing simple meals, making coffee, washing dishes, light housecleaning, taking out the trash, washing laundry, caring for fish and a cat, playing computer games, and watching television. (PageID.94-95). However, a review of Plaintiff's statements regarding these activities reveals that she engages in these various activities infrequently and not without difficulty. (PageID.191-211, 427-34, 760-63). The evidence cited by the ALJ hardly supports the proposition that Plaintiff's emotional impairments only minimally limit her ability to perform work activities.

While the evidence cited by the ALJ is relevant to an assessment of the extent to which Plaintiff is limited by her emotional impairments, such does not support the conclusion that Plaintiff's emotional impairments are neither severe nor impose any functional limitations. In sum, while the degree of limitation imposed by Plaintiff's emotional impairments is subject to reasonable debate, it is not reasonable to conclude that Plaintiff's emotional impairments do not limit her ability to perform basic work activities. Accordingly, the ALJ's determination that

Plaintiff does not suffer from any severe emotional impairment is not supported by substantial evidence.

Furthermore, the harmless error standard articulated in *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240 (6th Cir. 1987), is inapplicable. At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. In *Maziarz*, the court held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *Id.* at 244; *see also, Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). Here, the ALJ's RFC finding contains no non-exertional limitations from which the Court concludes that the ALJ failed to properly consider Plaintiff's emotional impairments when assessing her RFC. Thus, the ALJ's failure to find that Plaintiff suffered from a severe emotional impairment is not harmless. *See Mish v. Commissioner of Social Security*, 2011 WL 836750 at *1-2 (W.D. Mich., Mar. 4, 2011). This failure likewise leads to the conclusion that the ALJ's RFC determination is not supported by substantial evidence.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is

satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance.  Moreover, there does not exist compelling evidence that Plaintiff is disabled.  Accordingly, this matter must be remanded for further factual findings, including but not necessarily limited to, an accurate assessment of the severe impairments from which Plaintiff suffers, an assessment of her residual functional capacity, and a determination as to whether there exists a significant number of jobs which Plaintiff is capable of performing despite her limitations.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded to for further administrative action**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: September 16, 2019          /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge