UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH PRECIADO,
                Plaintiff,

-v-                              No. 1:18-cv-1119

                                    Honorable Paul L. Maloney

COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ruth Preciado filed this lawsuit seeking review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental social security income. The magistrate judge issued a report recommending the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further factual findings. (ECF No. 19.) The Commissioner filed objections. (ECF No. 20.) Having reviewed the objections *de novo*, the Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Administrative Law Judge concluded, at Step 2, that "claimant's depression is not a severe impairment." (ECF No. 8-2 PageID.94.) The magistrate judge noted that threshold at Step 2 is de minimus and is designed to dismiss that claims that are totally groundless. (R&R at 7 PageID.1128.) The magistrate judge then identified evidence in the record that might support the finding that Plaintiff's depression was a severe impairment. The magistrate judge also identified gaps in the ALJ's reasoning. The magistrate judge acknowledged that "there does not exist compelling evidence that Plaintiff is disabled." (*Id.* at 10 PageID.1131.) But, because the ALJ's decision did not comply with the legal standard at Step 2 and, as a result, factual disputes remained, the matter should be remanded.

The Commissioner advances three objections. First, the Commissioner argues that the magistrate judge reweighed the evidence concerning Plaintiff's mental health. The Court disagrees. Identifying the evidence in the record is not the equivalent of reweighing the evidence. Second, the Commissioner argues that the magistrate judge improperly evaluated the opinion evidence. The magistrate judge noted only that the record contained evidence that Plaintiff satisfied the criteria for a mental health disorder. The Commissioner's objection illustrates the magistrate judge's concern. The Commissioner discusses, in some detail, the evidence concerning Plaintiff's abilities to perform basic work activities. The Commissioner's objection is the sort of discussion that is missing in the ALJ's opinion. Third, the Commissioner argues the magistrate judge erred when concluding the harmless error standard was not satisfied. The Commissioner contends the ALJ considered Plaintiff's mental impairments after Step 2. The objection is overruled. Prior to the discussion of the harmless error standard, the magistrate judge explained why the evidence the ALJ relied

upon did not support the conclusion that Plaintiff's emotional impairments were not severe and did not impose any functional limitations.

Accordingly, the Report and Recommendation (ECF No. 19) is **ADOPTED** as the Opinion of this Court. The Commissioner's decision is **VACATED** and this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative action. **IT IS SO ORDERED.**

Date: March 24, 2020                    /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge